IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JONATHAN HARRIS,                :

    Plaintiff,               :
                                        Case No. 3:06cvl58

vs.                             :
                                JUDGE WALTER HERBERT RICE

CHRISTIAN STUTES, et al.,       :

    Defendants.              :

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN
PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
(DOC. #17); PLAINTIFF GIVEN LEAVE TO FILE A SECOND AMENDED
COMPLAINT AGAINST PERSON; CONFERENCE CALL SET

       Plaintiff Jonathan Harris ("Plaintiff" or "Harris") brings this litigation, alleging, inter alia, that Defendant Christian Stutes ("Stutes"), a police officer employed by Defendant City of Xenia ("Xenia"), used excessive force, in violation of the Fourth Amendment to the United States Constitution, when he (Stutes) repeatedly shot him (Harris) for no apparent reason. See Plaintiff's Amended Complaint (Doc. #13) at ¶¶ 16-20.[1]  In addition to Stutes and Xenia, the Plaintiff has named Donald Person ("Person"), Chief of the Xenia Police Department, as a Defendant. Id. at

---

[1]This litigation was initiated in Common Pleas Court for Greene County, Ohio, from whence the Defendants have removed it.  See Defendants' Notice of Removal (Doc. #1).

¶ 10. Plaintiff has asserted his claims against Stutes and Person in both their individual and official capacities. Id. at ¶¶ 9-10. Plaintiff seeks to impose liability upon Person, in his individual capacity, and Xenia, because they acquiesced, ratified or approved Stutes' actions and/or established a policy or custom of permitting police officers to use excessive force and failed to train them to avoid using same. Id. at ¶¶ 26-27. In his Amended Complaint, Harris has purported to set forth four claims for relief, each of which is asserted against all three Defendants, to wit: 1) a claim under the common law of Ohio for assault (First Claim for Relief); 2) a claim under the common law of Ohio for intentional infliction of emotional distress (Second Claim for Relief); 3) a claim under 42 U.S.C. § 1983, alleging that he was subjected to excessive force and an unreasonable seizure, in violation of the Fourth and Fourteenth Amendments (Third Claim for Relief); and 4) a claim under 42 U.S.C. § 1983, alleging that he was deprived of procedural and substantive due process, in violation of the Fifth and Fourteenth Amendments (Fourth Claim for Relief). Id. at ¶¶ 30-37.

This case is now before Court on the Defendants' Motion for Judgment on the Pleadings (Doc. #17), filed in accordance with Rule 12(c) of the Federal Rules of Civil Procedure. With that motion, the Defendants seek judgment on the pleadings as to some, but not all of the Plaintiff's claims. As a means of analysis, the Court will initially review the procedural standards it must apply when ruling on the Defendants' motion, following which it will turn to the parties' arguments in support of and in opposition to that motion.

Since a motion under Rule 12(c) is governed by the same procedural standards as a motion to dismiss for failure to state a claim upon which relief can

be granted under Rule 12(b)(6) (Lindsay v. Yates, 498 F.3d 434, 438 (6th Cir. 2007)), this Court reviews the standards that are applicable to such motions to dismiss.  In Prater v. City of Burnside, Ky., 289 F.3d 417 (6th Cir. 2002), the Sixth Circuit reiterated the fundamental principles which govern the ruling on a motion to dismiss under Rule 12(b)(6):

> The district court's dismissal of a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is also reviewed de novo.  Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).  When deciding whether to dismiss a claim under Rule 12(b)(6), "[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." Id. (citation omitted).

Id. at 424.  In Bell Atlantic Corp. v. Twombly, — U.S. —, 127 S.Ct. 1955 (2007), the Supreme Court rejected the standard established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that a claim should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  127 S.Ct. at 1969.  Therein, the Supreme Court also indicated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" and that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1964-65 (citations and quotation marks omitted).  Two weeks after it had decided Twombly, however, the Supreme Court explained:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. —, — (2007) (slip op., at 7-8) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Erickson v. Pardus, — U.S. —, 127 S.Ct. 2197, 2200 (2007).  See also, Lindsay, 498 F.3d at 440 n. 7 (noting that, in Erickson, "the Supreme Court reaffirmed that Rule 8(a) requires only a short and plain statement of the claim showing that the pleader is entitled to relief") (internal quotation marks and citation omitted).

In their motion, the Defendants raise a number of arguments, which this Court will address in the order presented therein.

First, the Defendants argue that they are entitled to judgment on the pleadings on the aspect of Plaintiff's Fourth Claim for Relief predicated upon the Due Process Clause of the Fifth Amendment.  The Due Process Clause of the Fifth Amendment, as opposed to that of the Fourteenth, "circumscribes only the actions of the federal government."  Scott v. Clay County, Tenn., 205 F.3d 867, 873 n. 8 (6th Cir.), cert. denied, 531 U.S. 874 (2000).  Accordingly, since no federal actions are involved in this litigation, this Court sustains the Defendants' Motion for Judgment on the Pleadings (Doc. #17), as it relates to the aspect of Plaintiff's Fourth Claim for Relief predicated upon the Due Process Clause of the Fifth Amendment.

Second, the Defendants argue that they are entitled to judgment on the pleadings on the aspect of Plaintiff's Fourth Claim for Relief, which is predicated upon the Due Process Clause of the Fourteenth Amendment.  Defendants argue that the use of excessive force, under the allegations set forth in Plaintiff's Amended Complaint (Doc. #13), can have violated only the Fourth Amendment.  It

is axiomatic that, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." Albright v. Oliver, 510 U.S. 266, 273 (1994) (internal quotation marks and citation omitted). In Graham v. Connor, 490 U.S. 386 (1989), the United States Supreme Court applied that principle when addressing the argument that one generic standard was applicable to all constitutional claims arising out of the alleged use of excessive force. Id. at 393. The Graham Court rejected the argument that such a standard was applicable, holding that, in addressing a claim of excessive force, a court must initially identify the precise constitutional provision that was allegedly infringed. Id. at 394. The Supreme Court held further that all claims of the unconstitutional use of excessive force, arising out of the seizure of an individual, are to be analyzed under the objective reasonableness standard of Fourth Amendment. The Graham Court wrote:

> Our cases have not resolved the question whether the Fourth Amendment continues to provide individuals with protection against the deliberate use of excessive physical force beyond the point at which arrest ends and pretrial detention begins, and we do not attempt to answer that question today. It is clear, however, that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment. See Bell v. Wolfish, 441 U.S. 520, 535-539 (1979). After conviction, the Eighth Amendment "serves as the primary source of substantive protection … in cases … where the deliberate use of force is challenged as excessive and unjustified." Whitley v. Albers, 475 U.S. [312, 327 (1986)].

Id. at 395 n. 10. Thus, if the Plaintiff were a pretrial detainee, when Stutes allegedly used excessive force upon him, the Fourteenth Amendment would govern that claim, while the Fourth Amendment is applicable if Stutes' actions occurred

- 5 -

during the course of an arrest or other seizure. In <u>McDowell v. Rogers</u>, 863 F.2d 1302 (6th Cir. 1988), the Sixth Circuit addressed the issue of when a seizure ends and pretrial detention begins, for purposes of deciding which constitutional provision governs a claim of excessive force. Therein, after the plaintiff had unsuccessfully attempted to cash stolen checks at a grocery store, he got into an altercation with the security guard at that store, following which he exited quickly. The security guard gave chase and was soon joined by a police officer, Officer Rogers, who caught and arrested the plaintiff. Officer Rogers placed the plaintiff in handcuffs, and he, the security guard and the plaintiff began walking back to the store. Before they had arrived at their destination, another officer, Officer Ross, drove by in his police cruiser. The plaintiff was placed in that vehicle and driven back to the store. When Officer Rogers arrived at that location, the plaintiff was taken out of that vehicle, so that Officer Rogers' handcuffs could be replaced with those of Officer Ross. The latter officer accomplished that task without incident. According to the plaintiff, as he was being put back in the police cruiser, Officer Ross beat him with his nightstick. The Sixth Circuit concluded that the plaintiff's claim of excessive force against that officer had to be analyzed under the Fourth Amendment, writing "the seizure which occurs when a person is arrested continues throughout the time the person remains in the custody of the arresting officers. <u>Robins v. Harum</u>, 773 F.2d 1004, 1010 (9th Cir. 1985)." 863 F.2d at 1306. <u>Accord</u> <u>Phelps v. Coy</u>, 286 F.3d 295, 300 (6th Cir. 2002), <u>cert</u>. <u>denied</u>, 537 U.S. 1104 (2003).

Herein, the Plaintiff alleges that he was in a parked car outside a residence at 75 West Second Street in Xenia, when Stutes instructed him to get out of the

car, so that the officer could talk to him.  Doc. #13 at ¶¶ 13-14.  When Harris got out of the car, Stutes had his weapon drawn and shot the Plaintiff, without warning, explanation or provocation.  Id. at ¶¶ 14 and 16.  After the initial bullet had struck Plaintiff, Stutes fired additional bullets at Harris, who was then defenseless as a result of having been struck by the first bullet.  Id. at ¶¶ 17-18.  One or more of the additional bullets fired by Stutes struck Harris.  Id. at ¶ 18.

In accordance with Graham, McDowell and Phelps, the facts alleged by Plaintiff, given that he was an arrestee whose period of arrest had not ended, rather than a pretrial detainee, if proved by the preponderance of the evidence, would establish a violation of the Fourth Amendment, rather that a derivation of due process in contravention of the Fourteenth Amendment.   Therefore, this Court concludes that the Plaintiff's claim arises under the Fourth, rather than the Fourteenth, Amendment.[2]  Accordingly, this Court sustains the Defendants' Motion for Judgment on the Pleadings (Doc. #17), as it relates to the aspect of Plaintiff's Fourth Claim for Relief predicated upon the Due Process Clause of the Fourteenth Amendment.

---

[2]Plaintiff does not challenge the foregoing.  Rather, he argues that this claim arises under the Fourteenth Amendment, because that constitutional provision makes the Fourth Amendment applicable to the states and individuals acting under color of state law, such as Stutes.  This Court does not question the role of the Fourteenth Amendment in making the Fourth Amendment applicable herein.  Mapp v. Ohio, 367 U.S. 643, 655 (1961) (noting that "the Fourth Amendment's right of privacy has been declared enforceable against the States through the Due Process Clause of the Fourteenth").  That does not alter the fact that the Plaintiff's claim of excessive force/unreasonable seizure is governed by the standards applicable to the Fourth Amendment.  Thus, in Mapp, the Supreme Court held that the exclusionary rule, a principle of Fourth Amendment jurisprudence, was applicable to the states.

Third, Xenia argues that it is immune from the Plaintiff's First and Second Claims for Relief, which, respectively, are Ohio common law claims of assault and intentional infliction of emotional distress, on the basis of the immunity provided by Chapter 2744 of the Ohio Revised Code. Thereunder, Xenia, is immune from liability for the state law torts committed by its employees, except as provided in § 2744.02(B) of the Ohio Revised Code. Liability can be imposed on a political subdivision only for the following acts of negligence committed by an employee, to wit: the operation of a motor vehicle; the performance of a proprietary function;[3] the failure to keep public roads in repair; and the failure to keep public grounds free from defects.[4] The theories of recovery set forth in the Plaintiff's Amended Complaint, which are based on Stutes having shot him, are contrary to the premise that he is seeking to impose liability upon an employee of Xenia under any of the circumstances set forth in § 2744.02(B). Accordingly, this Court concludes that Xenia is immune from liability for Plaintiff's First and Second Claims for Relief,[5] and sustains the Defendants' Motion for Judgment on the Pleadings (Doc. #17), as it relates to those Claims for Relief against Xenia.[6]

---

[3]The operation of a police department is not a proprietary function. See Ohio Rev. Code § 2744.01(C)(2)(a) (defining governmental function to include the provision of police services). It is axiomatic that the functions performed by employees of political subdivisions are divided into proprietary and governmental functions. See Ohio Rev. Code § 2744.02(A).

[4]Under § 2744.02(B)(5), a political subdivision can be liable, when liability is expressly imposed on such by another provision of the Revised Code. Plaintiff has not cited such a statutory provision.

[5]Given that conclusion, it is not necessary to address Xenia's argument that punitive damages cannot be imposed upon it under state law.

[6]Defendants captioned this argument as one on behalf of all three. See Doc. #17 at 7. However, since they addressed only the immunity of Xenia therein, this

Fourth, Person argues that he is entitled to judgment on the pleadings on all Plaintiff's claims against him.  As an initial matter, it is well-settled that a claim against an officer or employee of a governmental entity, in his or her official capacity, is a claim against the governmental entity itself.  See e.g., Kentucky v. Graham, 473 U.S. 159 (1985).  Thus, in E.J. v. Hamilton County, Ohio, 707 F. Supp. 314, 318-19 (S.D.Ohio 1989), Judge Rubin dismissed the official capacity claims against Hamilton County Commissioners, since Hamilton County itself was a party, making the official capacity claims redundant.  Similarly, herein, Person's municipal employer, Xenia, is a Defendant in this litigation.  Therefore, official capacity claims against Person are redundant, and he is entitled to judgment on the pleadings as to them.

Person also argues that this Court must dismiss Plaintiff's Third Claim for Relief against him, in his individual capacity, because Plaintiff has failed to allege that he participated in the alleged unconstitutional use of force/seizure by Stutes.  In Shehee v. Lutrell, 199 F.3d 295 (6th Cir. 1999), cert. denied, 530 U.S. 1264 (2000), the Sixth Circuit restated the familiar standards by which liability can be imposed on a supervisory employee under § 1983:

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it.  At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

Id. at 300 (quoting Hays v. Jefferson County, Ky., 668 F.2d 869, 874 (6th Cir. 1982)).  The Shehee court also noted that supervisory liability under § 1983 "must

---

Court has concluded that this argument was on behalf of Xenia, alone.

- 9 -

be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" Id. (quoting Salehpour v. University of Tennessee, 159 F.3d 199, 206 (6th Cir. 1998), cert. denied, 526 U.S. 1115 (1999).

Herein, the Plaintiff's Amended Complaint contains only bare allegations that Person acquiesced, ratified or approved Stutes actions and/or established a policy or custom of permitting police officers to use excessive force and failed to train them to avoid using same. Doc. #13 at ¶ 26. That allegation does not comply with the standards set forth by the Supreme Court in Twombly, given that it is comprised of labels and conclusions. Moreover, there is no assertion that the actions Person is alleged to have taken violated Harris' constitutional rights. Accordingly, this Court concludes that Person is entitled to judgment on the pleadings on Plaintiff's Third Claim for Relief.

Person also moves for judgment on the pleadings on Plaintiff's First and Second Claims for Relief, arguing that he is entitled to immunity from those claims under Chapter 2744. This Court agrees. Person, an employee of a political subdivision, is immune from liability for the state law torts, unless he acted with a "malicious purpose, in bad faith, or in a wanton or reckless manner." Ohio Rev. Code § 2444.03(A)(6)(b).[7] The bare allegations set forth in Plaintiff's Amended Complaint, that Person's conduct was, inter alia, reckless, wanton, malicious and/or in bad faith (Doc. #13 at ¶ 28), do not meet the pleading requirements established in Twombly. Therefore, this Court concludes that Person is immune from liability on the First and Second Claims for Relief.

---

[7]Liability can also be imposed on an employee of a political subdivision, if he has acted "manifestly" outside the scope of his employment or official duties. Ohio Rev. Code § 2744.03(A)(6)(a). Plaintiff does not allege that Person so acted.

- 10 -

Accordingly, the Court sustains the Defendants' Motion for Judgment on the Pleadings (Doc. #17), as it relates to Plaintiff's First, Second and Third Claims for Relief against Person.[8]

Fifth, the Defendants argue that they are entitled to judgment on the pleadings on Plaintiff's Third Claim for Relief, a claim of excessive force/unreasonable seizure in violation of the Fourth Amendment, because Plaintiff omitted key facts from his Amended Complaint and plead patent falsehoods therein.[9] See Doc. #17 at 11. Defendants also accuse Plaintiff and his counsel of violating Rule 11 of the Federal Rules of Civil Procedure, complaining about the deletion from the Amended Complaint of the allegation in the Plaintiff's initial such

---

[8] Given the heightened pleading standards of Twombly, and the date of that decision vis a vis the filing of the complaint in the state court, this Court grants Plaintiff leave to file a second amended complaint, subject to the strictures of Rule 11, setting forth claims against Person, not later than 10 calendar days from date. Such an amended pleading may include only the first three Claims for Relief from Plaintiff's Amended Complaint, and the claims therein can be asserted against Person in his individual capacity, alone. In addition, such a second amended complaint must reflect all rulings by the Court herein, so that it is not called upon to revisit those rulings as a result of having granted Plaintiff leave to amend.

[9] In particular, the Defendants argue that the Plaintiff omitted from his Amended Complaint (Doc. #13) the material allegation that he was armed with a 12-gauge shotgun at the time that force was used against him. See Doc. #17 at 11. Defendants state that the failure to include this allegation in Plaintiff's Complaint has prevented them from moving for judgment on the pleadings on all Plaintiff's claims. The Defendants have cited no authority that a plaintiff's complaint is subject to dismissal, because that pleading does not state the facts and circumstances surrounding the claims in the manner in which defendant's counsel assures the court that they occurred. Therefore, while filing the Amended Complaint herein with knowledge that her client was armed with a 12-gauge shotgun would quite possibly be sanctionable, the fact that Defendant's counsel says that Plaintiff was so armed, does not warrant dismissal of all claims.

- 11 -

(Doc. #2) that Stutes had indicated over the radio that Harris was armed. The fact that Stutes told someone over a radio that Harris was armed no more establishes that proposition as a matter of law, than do the allegations in Plaintiff's Amended Complaint establish, as a matter of law, the factual assertions set forth therein. In addition, Defendants contend that the allegations set forth in ¶¶ 16 and 18 of Plaintiff's Amended Complaint, to the effect that Stutes shot the Plaintiff without warning, explanation or provocation and that he (Harris) was defenseless after being struck by the first bullet, are false and incredulous. While Defendants' assertion in that regard may be correct and may expose Plaintiff's counsel to sanctions under Rule 11, the factual assertions by which they support that argument are not part of the record before this Court.[10] Accordingly, the Court overrules Defendants' Motion for Judgment on the Pleadings (Doc. #17), as it relates to Plaintiff's Third Claim for Relief against all Defendants.

Based upon the foregoing, the Court sustains in part and overrules in part Defendants' Motion for Judgment on the Pleadings (Doc. #17). That motion is sustained as it relates to Plaintiff's Fourth Claim for Relief against all Defendants, Plaintiff's First and Second Claims for Relief against Xenia and all claims against Person. That motion is overruled as it relates to the argument that Defendants are entitled to judgment on the pleadings on Plaintiff's Third Claim for Relief, because he omitted key facts from his Amended Complaint and plead patent falsehoods therein. As a result of the rulings herein, the only claims remaining are Plaintiff's

---

[10]According to Defendants, Plaintiff was armed and intoxicated when Stutes confronted him. Defendants contend that Harris ignored repeated pleas, from officers and his mother, to disarm himself, before he was shot.

First, Second and Third Claims for Relief against Stutes, and his Third Claim for Relief against Xenia.  Of course, Plaintiff has been given leave to amend to assert claims against Person, which could alter the list of currently pending claims.

Counsel will take note that a telephone conference call between the Court and counsel will be commenced at 8:30 a.m., Monday, April 7, 2008, for the purpose of setting dates leading to the resolution of this litigation.

March 24, 2008

             /s/ Walter Herbert Rice
              WALTER HERBERT RICE, JUDGE
              UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.